_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH
_____

|  |  |  |
|---|---|---|
| CATHLIN PEEL, | : | Civil No. 2:09-cv-01017 |
| Plaintiff, | : | REPORT & RECOMMENDATION |
| vs. | : | DISTRICT COURT JUDGE CLARK WADDOUPS |
| DANIEL J. ROSE, Et. Al. | : | |
| Defendants. | | MAGISTRATE JUDGE BROOKE C. WELLS |

_____

This matter is currently before this Court on referral by District Court Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B). The following motions are currently pending: (1) Defendant Daniel Rose's Motion To Dismiss With Prejudice and Motion For Sanctions Against Attorney Ross K. Moore;[1] (2) Defendant Daniel Rose's Amended Motion To Dismiss With Prejudice and Motion For Sanctions Against Attorney Ross K. Moore;[2] and (3) Motion For Default On Cross Claims Against Third Party Defendant's Ross K. Moore Individually and Ross K. Moore & Associates, A Professional

_____

[1] Document Number 5.

[2] Document Number 17.

Association.[3]  Each motion is addressed separately below.

    (1) <u>Defendant's Motion To Dismiss With Prejudice and Motion For Sanctions</u>

As an initial matter, the Court recommends that defendant Daniel Rose's November 24, 2009, motion to dismiss and request for sanctions[4] be found moot based upon Mr. Rose's subsequent filing of his Amended Motion To Dismiss and Request For Sanctions on December 14, 2009.[5]

    (2) <u>Defendant's Amended Motion To Dismiss With Prejudice And Motion For Sanctions</u>

Mr. Rose's amended motion to dismiss and request for sanctions raises several grounds as the basis for his motion for dismissal and request for sanctions against plaintiff's attorney Ross K. Moore.  First and foremost, is Mr. Rose's contention that plaintiff "Cathlin Peel" is not the plaintiff's real name and that her continued use of such title perpetuates a fraud upon this Court.[6]  On December 16, 2009, the District Court, Judge Waddoups presiding, held a hearing at which time it was determined that Ms. Peel was in fact who she presented herself to be and that her continued use of such name in this litigation was appropriate.  Currently, the District Court's ruling stands as the law of the case and any request for dismissal based upon such previously

---

[3]Document Numbers 43 and 44.

[4]Document Number 5.

[5]Document Number 17.

[6]Defendant's Memorandum, pgs. 3-7; Document Number 27.

addressed grounds is hereby denied.[7]

Additionally, in his amended motion, defendant asserts that dismissal is appropriate because plaintiff's complaint fails to "provide any documented evidence" or "proof" of defendant's wrongdoing.[8] When filing a complaint it is not necessary to provide documented evidence in support of the allegations therein. Instead, the plaintiff is required to provide a statement of the grounds for the court's jurisdiction, a statement of the claim or cause of action and a demand for the relief sought.[9] Plaintiff's complaint meets these requirements.[10]

Finally, Mr. Rose asks that sanctions be issued against plaintiff's attorney, Ross K. Moore, for committing a fraud on the court by filing a "frivolous lawsuit" in which he knows the plaintiff "Cathlin Peel" does not exist.[11] Again, as discussed above, the issue of Ms. Peel's identity was previously addressed and decided by the District Court. Consequently, the Court recommends that any motion for sanctions based upon such grounds should be denied.

---

[7] The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir.)(quoting, Arizona v. California, 460 U.S. 605, 618 (1983)). The doctrine works to promote "the finality and efficiency of the judicial process by protecting against the agitation of settled issues." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988); see also, 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice PO.404[1], p. 118 (1984).

[8] Defendant's Memorandum, pg. 2; Document Number 27.

[9] Fed. R. Civ. P. 8(a)(1)(2)(3).

[10] Document Number 1.

[11] Defendant's Motion, pgs. 1-3; Document 17.

For these reasons, the Court recommends that Mr. Rose's amended motion to dismiss and motion for sanctions be denied.

### (3) Third Party Plaintiff Daniel Rose's Motion For Default Against Ross K. Moore And Cathlin Peel

On January 19, 2010, Mr. Rose moved for default judgment on his counterclaim against Ross K. Moore, individually and as a professional association,[12] and against plaintiff Cathlin Peel.[13] On January 20, 2010, this Court issued an Order granting an extension of time and giving the parties until February 12, 2010, to respond to all pending motions.[14] On February 15, 2010, plaintiff Cathlin Peel and cross defendant Ross K. Moore filed an answer to Mr. Rose's counterclaim.[15] While the Court recognizes that the answer was filed three days after the designated extension date, the Court recommends that the general principle encouraging a court to determine a case on it's merits should in fact govern.[16]

Accordingly, this Court recommends that Mr. Rose's Motion For Default against Cathlin Peel,[17] Ross K. Moore and Ross K. Moore and Associates[18] be denied.

---

[12] Document 32.

[13] Document 31.

[14] Order; Document Number 45.

[15] Answer, Document Number 50.

[16] *See,* White v. Ockey, 2007 WL 1600483 (10th Cir.); Nolan v. U.S. Dept. of Justice, 973 F.2d 843, 846 (10th Cir. 1992); Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 588 (10th Cir. 1987).

[17] Document Number 44.

[18] Document Number 43.

(4) <u>Recommendation</u>

For the reasons stated herein, this Court recommends:

Defendant's motion to dismiss and request for sanctions be found MOOT, Defendant's amended motion to dismiss and request for sanctions be DENIED and Defendant's motion for default judgment against Cathlin Peel and Ross K. Moore be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten (10) days after receiving it. Failure to object may constitute a waiver of objections.

DATED this ___12th___ day of March, 2010.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge