FILED
U.S. DISTRICT COURT
2010 MAR 31 P 2:03
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CATHLIN PEEL,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL J. ROSE. et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:09-cv-1017 CW<br><br>Judge Clark Waddoups |

On March 12, 2010, Magistrate Judge Brooke C. Wells issued a Report and Recommendation that addressed (1) Defendant Daniel Rose's Motion to Dismiss with Prejudice and Motion for Sanctions Against Attorney Ross K. Moore; (2) Defendant Daniel Rose's Amended Motion to Dismiss with Prejudice and Motion for Sanctions Against Attorney Ross K. Moore; and (3) Motion for Default on Cross Claims Against Third Party Defendant's Ross K. Moore Individually and Ross K. Moore & Associates, A Professional Association. Judge Wells recommended denial of each motion and stated the specific grounds for her recommendation.

Daniel Rose ("Rose") filed a Response to Report & Recommendation on March 22, 2010. In that response, Rose contends this matter should be dismissed because the court lacks subject-matter jurisdiction. Rose then discusses the law regarding minimum contacts, the *Zippo* case that addresses whether contacts through the internet are sufficient to establish minimum contacts,[1] and why it is more appropriate for Cathlin Peel to appear in Florida than it is for Rose to appear in Utah.

---

[1] *See Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

Rose misapprehends the law. The arguments made by Rose address personal jurisdiction, not subject-matter jurisdiction. Subject-matter jurisdiction pertains to the types of actions that may be filed in federal court. The plaintiff has asserted claims under a federal law. The court therefore has subject-matter jurisdiction to address those claims, as well as any ancillary claims.

Personal jurisdiction pertains to minimum contacts and whether it is fair and just for a plaintiff to sue a defendant in a particular forum state. Notably, a personal jurisdiction defense is waived if it is not raised when a defendant files a motion that fails to raise a defense that was then available.[2] Rose filed a Motion to Dismiss on November 24, 2009. In that motion, Rose did not raise the personal jurisdiction defense. Since that time, Rose has appeared telephonically at a hearing and has filed numerous motions with the court. Accordingly, he has waived the personal jurisdiction defense.

Rose also asserts this case must be dismissed because he has not been served with 120 days. This argument is not responsive to the Report and Recommendation, and no proper motion has been filed. Thus, the court will not address it.

After having reviewed the file *de novo* and Rose's response, the court hereby APPROVES AND ADOPTS the Magistrate Judge's Report and Recommendation in its entirety. Rose's Motion to Dismiss with Prejudice and Motion for Sanctions Against Attorney Ross K. Moore are DENIED AS MOOT.[3] Rose's Amended Motion to Dismiss with Prejudice and Motion for Sanctions Against

---

[2] *See* Fed. R. Civ. P. 12(g)(2), 12(h)(1).

[3] Docket No. 5.

Attorney Ross K. Moore are DENIED.[4] Rose's motions for default judgment against Ross K. Moore Individually, Ross K. Moore & Associates,[5] and Cathlin Peel[6] are DENIED.

SO ORDERED this 31st day of March, 2010.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[4] Docket No. 17.

[5] Docket No. 43.

[6] Docket No. 44.