_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH
_____

|  |  |
|---|---|
| CATHLIN PEEL, | Civil No. 2:09-cv-01017 |
| Plaintiff, | REPORT & RECOMMENDATION |
| vs. | DISTRICT COURT JUDGE CLARK WADDOUPS |
| DANIEL J. ROSE, et. al. | |
| Defendants. | MAGISTRATE JUDGE BROOKE C. WELLS |

_____

Currently pending before this Court is defendant Daniel Rose's "Motion For The Court To Considered [sic] Lodged Filings"[1] and his "Motion To Dismiss Under Rule 4(j) For Lack Of Service."[2] No opposition has been filed by plaintiff Cathlin Peel with respect to either motion and the time to do so has passed.[3]

<u>Defendant's Motion To Consider Lodged Filings</u>

On January 1, 2010, in response to a deluge of motions filed by defendant, the Court issued an Order prohibiting Mr. Rose from submitting any additional motions or

---

[1]Document No. 61.

[2]Document No. 62.

[3]DUCivR 7-1(4)(B).

filings until the then pending motions were resolved and ruled upon by the Court.[4]  At that time, the Court noted that any motions filed after issuance of the January 1, 2010, order "will be lodged in the court file but will not be considered."[5]  Thereafter, despite the Order's admonition, the Court was forced to lodge several documents due to Mr. Rose continuing to file motions.[6]

Now, through his current motion, Mr. Rose seeks to have the Court consider those pleadings previously filed and as Mr. Rose claims "improperly lodged" by the Court.[7]  Specifically, Mr. Rose asks that the Court address lodged documents entitled "Defendant's Motion To Compel"[8] and "Defendant's Motion For Clarification and Reconsideration of the Ruling and Order Dated Mary 12, 2010."[9]  Additionally, Mr. Rose requests that the Court "unseal Docket 22 since the Plaintiff does not want to tender a copy to the Defendant."[10]

On March 12, 2010, this Court issued a Ruling & Order in which it addressed defendant's Motion To Compel.[11]  Therein the Court concluded that due to defendant's

---

[4]Document No. 45.

[5]Id.

[6]Document Nos. 53, 54, and 59.

[7]Document No. 61.

[8]Document No. 53.  Mr. Rose indicates that he previously filed motions to compel the same discovery in documents 39 and 40.

[9]Document No. 59.

[10]Document No, 61; page 1, ¶ 6.

[11]Document No. 57.

failure to object to plaintiff's claim of having actually provided the requested discovery, the matter was moot and the motion was denied.[12]  No new evidence or argument on this issue is presented through Mr. Rose's current motion that would suggest a need for reconsideration.  Thus, because this matter was previously ruled upon and denied, the Court's prior ruling shall stand.  Additionally, Document Number 22 which consists of the Affidavits of Cathlin Peel and Ross K. Moore is not sealed and therefor Mr. Rose's request to "unseal" such documents is also moot.

Defendant's Motion To Dismiss

Mr. Rose requests that the Court dismiss plaintiff's claims against him pursuant to Rule 4(j)[13] and Rule 12(h)(3)[14] due to plaintiff's failure to serve any party with a summons and complaint within 120 days.  Specifically, Mr. Rose contends that plaintiff filed her complaint with the court on November 13, 2009[15] and that as of April 5, 2010 defendant had not been served with a copy of the complaint or a summons.[16]

Under Federal Rule 4(c), a summons must be served with a copy of the complaint within the time allowed.[17]  Pursuant to Rule 4(m) if a defendant is not served

---

[12] Document No. 57.

[13] Federal Rule of Civil Procedure 4(j) speaks to service on a foreign, state or local government and is not applicable here.

[14] Federal Rule of Civil Procedure 12(h)(3) refers to lack of subject matter jurisdiction and is not applicable here.  Moreover, Federal Rule 12(b)(5) addressing insufficient service of process as a ground for dismissal must be asserted before pleading if a responsive pleading is allowed.

[15] Complaint, Document No 1.

[16] Defendant's Motion To Dismiss, pg. 1; Document No. 62.

[17] Federal Rule of Civil Procedure 4(c).

3

within 120 days after the complaint is filed,

> the court— on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[18]

Plaintiff fails to show good cause for her failure to effectuate timely service as required under Rule 4(m). However, even if a plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time is warranted.[19] Here, it appears that despite an absence of service, the defendant has in fact had actual notice of the action against him as demonstrated through his filing of numerous pleadings which evidence a clear awareness of the claims against him.

Accordingly, the Court now exercises it discretion and grants plaintiff a permissive extension of time within which to formally serve the defendants.[20] Failure of plaintiff to serve defendants with a copy of the complaint and summons within thirty (30) days may result in the dismissal of plaintiff's claims.

Copies of the foregoing Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within fourteen (14) days after being

---

[18] Federal Rule of Civil Procedure 4(m).

[19] Smyers v County of Atchison Kan, 336 Fed. Appx. 819, 821 (10th Cir. 2009)(citing, Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)).

[20] Self v. Autoliv, ASP, 61 Fed. Appx. 583, 584 (10th Cir. 2003) (if plaintiff does not show cause for failure to serve the court may on its own initiative "direct that service be effected within a specific time")).

4

served.[21]   Failure to object may constitute a waiver of objections upon subsequent review.

DATED this __28th___ day of May, 2010.

BY THE COURT:

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge

---

[21] Federal Rule of Civil Procedure 72(a).