IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| CATHLIN PEEL, | **ORDER** |
| Plaintiff, | |
| v. | Case No. 2:09-cv-1017 CW |
| DANIEL J. ROSE. et al., | Judge Clark Waddoups |
| Defendants. | |

On May 28, 2010, Magistrate Judge Brooke C. Wells issued a Report and Recommendation that addressed Defendant Daniel Rose's (1) Motion for the Court to Considered [sic] Lodged Filings; and (2) Motion to Dismiss Under Rule 4(j) for Lack of Service. Judge Wells recommended denial of the first motion and stated the specific grounds for her recommendation. She also recommended denial of the second motion and that Plaintiff Cathlin Peel be granted thirty days to formally serve Daniel Rose ("Rose").

Rose filed an Objection on May 4, 2010. Rose continues to demand that affidavits filed under seal (*see* Docket No. 22) be unsealed so he can obtain a copy of them. As stated in Judge Wells' ruling on March 12, 2010, no affidavits have been filed under seal. While it is true that Plaintiff filed a Notice of Conventional Filing and stated therein that affidavits were being filed under seal, no sealed affidavits were filed with the court. It is therefore impossible for the court to unseal that which it does not have. The docket reflects that Plaintiff has filed affidavits, but none are sealed. Thus, Rose has access to them.

Second, Rose's motion to compel discovery is not well-taken, especially when Rose also moves to dismiss this case for lack of service. Under Federal Rule Civil Procedure 26(d), no party may "seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent certain exceptions. None of those exceptions are present in this case; nor is there any evidence that a Rule 26(f) conference has been held. Rose is therefore in violation of the Rules of Civil Procedure and the court will not grant a motion to compel discovery when discovery should not have been propounded at this stage of the litigation.

Third, an Objection is not a proper means for moving the court to take action on new matters. The court will not consider any matter raised in the Objection that was not responsive to Judge Wells' Report and Recommendation. This includes Rose's request to dismiss the case as frivolous, and his request to seal the entire docket or to unseal the "Counterclaim-Cross Claim." Finally, pursuant to Judge Wells' recommendation, Plaintiff shall have until **July 30, 2010** to formally serve Rose with a copy of the Complaint and Summons. If service is not effected by that date, **this case will be dismissed**, unless good cause can be shown why service was not completed.

## CONCLUSION

For the reasons stated above, the court ADOPTS the Report and Recommendation that Rose's motion for consideration of lodged filings[1] and motion to dismiss be denied.[2] Additionally, the court orders that service of Rose be effected by July 30, 2010, or Plaintiff will face dismissal of

---

[1] Docket No. 61.

[2] Docket No. 62.

this action.

SO ORDERED this 29th day of June, 2010.

BY THE COURT:

*Clark Waddoups*
Clark Waddoups
United States District Judge